UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DEVISION
CASE NO: 13-23806-CIV-ALTONAGA/O'Sullivan

SIAVASH ZARGARI

   Plaintiff,

Vs.

UNITED STATES OF AMERICA, *et al.*,

   Defendant,

_____/

### Plaintiff's Motion to request hearing and reconsideration

Plaintiff ZARGARI requesting the court for hearing regarding the granted decision of defendant's motion to dismiss. As the court knows about the situation on this complex case, plaintiff believes without any hearing, the granted decision on the motion to dismiss was not fair and feels injustice taken place. The court at least should give ZARGARI to explain himself orally, especially when he is pro se plaintiff that his English is not perfect.

Defendant MIYAR and TIGUY used ZARGARI'S club as "bait" with full knowledge that ZARGARI was innocent which is proven in the transcripts of ALBERT TAKALOV and KING, which MIYAR and TIGUY were aware of it because they listen to all the recording conversations gathered by KING. This is for FTCA claim consider Deceit. See" McNally v. U.S., 483 U.S. 350, 371-372, Quoting U.S. v Holzer, 816 F.2d. 304, 307 Fraud in its elementary common law sense of deceit includes the deliberate concealment of material information in a setting of fiduciary obligation. A public official is a fiduciary toward the public, and if he deliberately conceals material information from them he is guilty of fraud.

1

Zargari's constitutional rights defiantly violated by the setup and wrong management of the federal defendants as explained in the second amended complaint. the agents simply cannot put bunch of thieves and abusers "purposely" in ZARGARI'S club and try to blame their fraudulent actions on him. This is unconstitutional and Under FTCA claim the government should be liable for federal agents acts. ZARGARI'S life got destroyed by king and federal agents acts and as in the response to motion to dismiss, Zargari put those case laws which is clearly shows government cannot just say because they are government officials they have immunity. This case is more complex than can be dismissed before any hearing. Because many people were involve in the case. ZARGARI ask the court to understand his point, First the government don't want to take responsibility for KING'S actions for lack of subject matter jurisdiction, then don't want to be responsible for the federal defendants wrong actions. with all the evidence that ZARGARI attached to his second amended complaint, this is totally injustice and the jury must make the decision if MIYAR and TIGUY violated ZARGARI's rights or not and ZARGARI ask the court for hearing to explain himself . with all the respect to court, under seventh amendment ZARGARI have the right for jury trial and the government simply cannot ignore this constitutional issues and facts.

On the motion to dismiss, the defendants stated that it was probable cause, but they never said what was the issues and cause, they never specified even one issue that it was the probable cause for ZARGARI'S arrest and prosecution, they just say it but they never prove anything because they don't have any proof that was a probable cause for Zargari's arrest except their false statements given to the magistrate judge to get arrest warrant it was no probable cause at all to arrest ZARGARI.         2

# Why the Motion to Dismiss is Now Unconstitutional
## Suja A. Thomas
University of Illinois College of Law
*Minnesota Law Review, Vol. 92, 2008*
U of Cincinnati Public Law Research Paper No. 07-15

**Abstract:**

This Article is the first to address the issue of the constitutionality of the motion to dismiss. Until now, motions to dismiss have not been the subject of much academic commentary, in part because courts have rarely dismissed cases upon motions to dismiss. However, decisions by the Court this past term in Bell Atlantic Corp. v. Twombly and Tellabs, Inc. v. Makor Issues & Rights, Ltd. changed the civil procedure landscape tremendously. In these decisions, the Court "retire[d]" the fifty-year-old rule of Conley v. Gibson under which a complaint could not be dismissed unless there was "no set of facts" upon which relief could be granted. The Court cast this rule away in favor of a standard under which courts critically assess whether the claim is plausible and at times, examine inferences that favor both the plaintiff and the defendant. In setting up this new standard, the Court emphasized the concern that companies should not be subject to discovery and forced settlements in unmeritorious cases and also stressed that Congress and the rule-makers possessed the authority to establish pleading procedures. Under the new standards, courts will dismiss cases much more often using the motion to dismiss. This impending phenomenon of increased dismissals by judges before the fact-finder hears any evidence is noteworthy. It will compound a significant decline in the number of jury trials due to dismissals upon summary judgment, and this will occur in the presence of the Seventh Amendment that, by its text and history, strongly protects the right to a jury trial. Under established Supreme Court case law interpreting the Seventh Amendment, the "common law" governs the power of constitutional actors such as the courts and Congress to interfere with the jury trial. Under this case law, a modern procedure must satisfy the substance of the English common law jury trial in 1791 to be constitutional under the Seventh Amendment. This Article argues that Twombly and Tellabs did not adequately follow the Supreme Court jurisprudence on the Seventh Amendment. In Twombly, albeit not raised, the Court failed to recognize the Seventh Amendment issue that overlay its decision despite the significant effect of the decision on the right to a jury trial. In Tellabs, where it did recognize a Seventh Amendment question, the Court ignored the governing common law. These cases open up a new constitutional discussion that tests the limits of the Seventh Amendment. **The Article shows that the new motion to dismiss standards do not adequately comport with the substance of the common law jury trial and thus are unconstitutional.** Contrary to the common law, these standards permit courts to improperly assess the plausibility of facts and corresponding inferences pled by plaintiffs and weigh those inferences against inferences that favor defendants.

**Therefore**; due to complexity and constitutional issues of this case, ZARGARI respectfully ask the court for hearing or reconsideration because there are many issues only can be explain verbally specially for a pro se litigant .

Respectfully Submitted
Plaintiff pro se
SIAVASH ZARGARI

1000 West Ave #319
Miami beach FL 33139
sammyzargari@gmail.com
786-357-8272

## CERTIFICATE OF SERVICE

I certify that on July 25 2014 filed this document with clerk of court in person and mail a copy for those not receiving this motion electronically.

4