UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23806-CIV-ALTONAGA/O'Sullivan

**SIAVASH ZARGARI**,

 Plaintiff,
vs.

**UNITED STATES OF AMERICA**,
*et al.*,

 Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff, Siavash Zargari's ("Zargari[']s") *pro se* Motion to Request Hearing and Reconsideration ("Motion") [ECF No. 87], filed on July 25, 2014. In the Motion, Zargari seeks reconsideration of the Court's July 17, 2014 Order ("July 17 Order") [ECF No. 86], which dismissed Counts I, II, and III of the Second Amended Complaint with prejudice. (*See id.*).

"Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted). The reconsideration decision is granted only in extraordinary circumstances and is "committed to the sound discretion of the district judge." *Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) (quoting *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238–39

CASE NO.   13-23806-CIV-ALTONAGA/O'Sullivan

(11th Cir. 1985)) (internal quotation marks omitted).  A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation and internal quotation marks omitted).  While Zargari does not address the standards for reconsideration, the only potential ground for relief is the need to correct clear error or manifest injustice.

The Motion raises no plausible argument there was clear error or manifest injustice in the July 17 Order, and instead includes arguments Zargari either did make in his previous filings or could have made but failed to.  These arguments are improperly considered in a motion for reconsideration.  Zargari thus presents no ground meriting reconsideration of the July 17 Order.  Accordingly, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 87]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2014.

_____
**CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record;
      Plaintiff, *pro se*